## IN THE UNITED STATES DISTRICT COURT
### THE DISTRICT OF MARYLAND
#### (Northern Division)

ANDREA WILKIE                              *

     Plaintiff,                          *

v.

                                *   Case No.:1:08-CV-01425-BPG

ZAHID ASLAM, M.D., *et al.*

     Defendants                          *

                                *

*   *   *   *   *   *   *   *   *   *   *   *   *

### PLAINTIFF'S MOTION CONSENTING TO DEFENDANTS' MOTION TO BIFURCATE AND MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL ANY EVIDENCE, TESTIMONY OR REFERENCE TO THE FACT THAT THE PLAINTIFF WOULD HAVE ELECTED TO HAVE AN ABORTION

NOW COMES the plaintiff, Andrea Wilkie, by and through her undersigned counsel, and hereby consents to the defendants' request to bifurcate this medical negligence case.  The plaintiff also moves *in limine* to exclude from trial any testimony, evidence or reference to the fact that the plaintiff would have had an abortion.  In support thereof, the plaintiff states as follows:

     1.     On October 19, 2009, the defendants moved this Honorable Court for separate trials in this medical negligence case.  Specifically, the defendants requested "bifurcation of the liability and damages issues."  See Defendants' Motion, pg. 3.  As discussed more fully below, the plaintiff, Andrea Wilkie, hereby consents to the defendants' request for bifurcation.

     2.     Defendants state in their motion that the first issue in this case (i.e., liability) "hinges on whether Dr. Aslam informed Ms. Wilkie of her triple screen test results [and offered Ms.Wilkie amniocentesis and/or genetic counseling.]."  See Defendants' Motion, pg. 4.  The

defendants also state in their motion that "Bifurcation will also allow the jury to focus on a **single pivotal** issue . . . ." See Defendants' Motion, pg. 6. (Emphasis supplied). Finally, the defendants add in their motion that "[e]vidence regarding Plaintiffs' liability claim, however, is **limited** to the factual testimony involving Ms. Wilkie's triple screen results, as well as the medical records that document Dr. Aslam's discussions with Ms. Wilkie." See Defendants' Motion, pg. 7. (Emphasis supplied).

3.      The plaintiff agrees with the defendants' representations that the trial of this matter should initially be limited to one "singular" issue: Whether Dr. Aslam breached the standard of care?

4.      Indeed, the plaintiff's expert and the defendants' experts agree that if Dr. Aslam failed to inform Ms. Wilkie about the results of her triple screen test, and that he further failed to offer Ms. Wilkie amniocentesis and/or genetic counseling, then he breached the standard of care. Defense expert Harold Fox, M.D. testified: "If, in fact, the results of the triple screen . . . were not reported to the patient, that would be a departure from the standard of care." See Deposition Transcript of Harold Fox, M.D., pg. 47, attached hereto as Exhibit A.  He also agreed that if Dr. Aslam did not offer genetic counseling and amniocentesis that too would have been below the standard of care. Id.  Likewise, another defense expert, Frank Manning, M.D. testified: "I think if Doctor Aslam was aware that the patient was screened positive for Trisomy 21 and for whatever reason did no tell the patient of those results, that would be below the standard of care." See Deposition Transcript of Frank Manning, M.D., pg. 37-38, attached hereto as Exhibit B.  A third standard of care expert for the defense, Craig Dickman, M.D., shares the same opinions as Dr. Fox and Dr. Manning on this point. See Deposition Transcript of Craig Dickman, M.D., pg.

43, attached hereto as Exhibit C.

5.      Accordingly, the plaintiff consents to the defendants' request that the only issue to be decided by the jury in this matter is whether Dr. Aslam breached the standard of care by failing to tell Ms. Wilkie about the results of the triple screen test and/or by failing to offer Ms. Wilkie genetic counseling and/or amniocentesis[1].

6.      Based on the defendants' representations that there is only a singular liability issue to be decided by the jury, the plaintiff now moves *in limine* to exclude any testimony or evidence regarding the fact that Ms. Wilkie would have elected to terminate the pregnancy had she been told about the triple screen results and undergone amniocentesis[2]. As the defendants themselves state in their motion, the "singular" issue to be decided after bifurcation would be whether Dr. Aslam violated the standard of care. What Ms. Wilkie would have done had Dr. Aslam complied with the standard of care would then be entirely irrelevant in determining liability, and such information must be kept from the jury. If the defense were permitted to question Ms. Wilkie about abortion, when it is no longer relevant, it would result in severe prejudice to Ms. Wilkie and it would only serve to confuse and convolute the "singular" issue now before the Court. See F.R.C.P. 403 (2008).

---

[1] The defense suggests in its motion that this issue could be decided without expert testimony. The plaintiff disagrees with that proposition and suggestion and would still rely on the testimony of Jane Corteville, M.D. as an expert with respect to the standard of care.

Furthermore, nothing contained within this motion should be construed as a waiver of plaintiff's arguments contained within her opposition to Defendants' Motion *in Limine* To Exclude from Trial any Evidence or Argument that the Medical Records are Altered or False.

[2] The plaintiff is aware that the motions *in limine* deadline was October 5, 2009. However, the plaintiff was powerless to file the instant motion *in limine* before that date because the defense had yet to request bifurcation.

7.     Moreover, Ms. Wilkie's testimony that she would have elected to have an abortion is an element of <u>causation</u> that is <u>undisputed</u>. Accordingly, such testimony would have no probative value in determining whether Dr. Aslam violated the standard of care, and plaintiff would be entitled to judgement as a matter of law on that issue anyway since there are no material facts in dispute as to what Ms. Wilkie would have done with the pregnancy had she known her child would be afflicted with Down sydndrome.

8.     In summary, the plaintiff consents to the defendants' request that this case be bifurcated on the issues of "liability" and "damages." She further consents to the defendants' request that the liability phase be limited to the "singular" issue of whether Dr. Aslam violated the standard of care. Part and parcel of her consenting is that any evidence or testimony regarding the fact that Ms. Wilkie would have elected to have an abortion is now completely irrelevant and must be precluded at the trial of this matter on the singular issue of liability.

WHEREFORE, the plaintiff, Andrea Wilkie, hereby consents to the defendants' request for separate trials on liability and damages in this case.

Respectfully submitted,

/s/ Keith D. Forman
H. Briggs Bedigian
Keith D. Forman (Bar No. 28349)
The Law Offices of Wais & Vogelstein
1829 Reisterstown Road
Suite 425
Baltimore, Maryland 21208
(410) 998-3600
e-mail: kdf@waislaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## THE DISTRICT OF MARYLAND
### (Northern Division)

ANDREA WILKIE                                         *

       Plaintiff,                                *

v.

                             *   Case No.:1:08-CV-01425-BPG

ZAHID ASLAM, M.D., *et al.*

       Defendants                                *

                             *

*   *   *   *   *   *   *   *   *   *   *   *   *

### ORDER

Having read and considered the defendants' Motion to Bifurcate, plaintiffs' response thereto, and having had any hearing thereon, it is this ____ day of _____, 2009,

ORDERED, that the defendants' motion is hereby GRANTED; and it is further

ORDERED, that this case shall have separate trials on liability and damages, with the liability phase beginning on Monday, November 9, 2009 and the damages phase to be scheduled at a later date; and it is further

ORDERED, that the plaintiffs' Motion *in Limine* to Exclude from Trial any Testimony, Evidence or Reference to the Fact that the Plaintiff Would Have Had an Abortion is hereby GRANTED; and it is further

ORDERED, that counsel and their witnesses shall make no reference whatsoever to any testimony or evidence regarding the fact that the plaintiff would have had an abortion.

Date: _____

_____
Beth P. Gesner
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of October, 2009 a copy of the foregoing

was electronically served on:

E. Phillip Franke
Joan Cerniglia-Lowensen
Baxter Baker Sidle Conn & Jones, P.A.
120 E. Baltimore Street
Suite 2100
Baltimore, MD 21201

/s/ Keith D. Forman
Keith D. Forman