IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KATELYNN HINCKLE, a minor by her Mother, natural guardian and next friend, Andrea Wilkie, et al. | * | |
| | * | |
| **Plaintiffs** | * | |
| v. | * | **Civil Action No. WDQ08CV1425** |
| ZAHID ASLAM, M.D., et al. | * | |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SEPARATE TRIALS AND OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL ANY EVIDENCE, TESTIMONY OR REFERENCE TO THE FACT THAT THE PLAINTIFF WOULD HAVE ELECTED TO HAVE AN ABORTION

Defendants Zahid Aslam, M.D. and Health Care for Women, P.A, by and through their attorneys E. Philip Franke, III, Ace McBride and Baxter, Baker, Sidle, Conn & Jones, P.A., hereby submit the following Reply in Support of Their Motion for Separate Trials, and Opposition to Plaintiff's Motion *In Limine* to Exclude From Trial Any Evidence, Testimony or Reference to the Fact That the Plaintiff Would Have Elected to Have an Abortion, and state as follows:

1.      Plaintiff has consented to bifurcation of liability and damages. See Plaintiff's Motion Consenting to Defendants' Motion to Bifurcate and Motion *In Limine* to Exclude From Trial Any Evidence, Testimony or Reference to the Fact That the Plaintiff would have Elected to Have an Abortion.

2.      In requesting bifurcation, Defendant sought to separate the liability and damages portion of trial. Defendants did so to avoid the prejudices associated with Plaintiff's damages claim, as well as to promote judicial economy by potentially alleviating the need to call

numerous damages experts at trial.  One of the many advantages of bifurcation is that the witnesses needed to prove liability are often not needed to establish damages.  This is especially true in this case because the only witnesses likely needed during the liability phase are Ms. Wilkie and Dr. Aslam.  On the other hand, the damages phase of trial will likely require expert testimony from twelve (12) expert witnesses.  In her response, Plaintiff agrees that bifurcation is warranted in this case.

3.      Defendants, however, strongly oppose Plaintiff's request to exclude any evidence, testimony or reference to the fact that Ms. Wilkie would have elected to have an abortion. Plaintiff apparently presumes that causation is a foregone conclusion, and therefore, this testimony is irrelevant and prejudicial.  Plaintiff's presumption is wrong.  Before Dr. Aslam can be held liable, Plaintiff must establish that Dr. Aslam breached the standard of care, and that his breach caused Plaintiff's alleged injuries.  Defendants submit this reply and opposition to extinguish any confusion that the issue of causation is undisputed.

4.      In order for Plaintiff to establish liability, Plaintiff must prove that Dr. Aslam breached the standard of care and that his breach caused injury to the Plaintiff.  After the issue of liability has been decided, and if Dr. Aslam is found liable, the jury is free to assess Plaintiff's damages claim. See Johns Hopkins Hosp. v. Genda, 255 Md. 616, 620-21, 258 A.2d 595 (1969); Weimer v. Hetrick, 309 Md. 536, 553, 525 A.2d 643 (1987); Johns Hopkins Hosp. v. Genda, 255 Md. 616, 620-21, 258 A.2d 595 (1969).

5.      With respect to the standard of care, Plaintiff will have to prove that Dr. Aslam breached the standard of care as recognized by physicians in this region with similar expertise, training and skill. See Weimer v. Hetrick, 309 Md. 536, 553, 525 A.2d 643 (1987); Johns Hopkins Hosp. v. Genda, 255 Md. 616, 620-21, 258 A.2d 595 (1969).  In this case, all of the

experts agree that the standard of care required Dr. Aslam to inform Ms. Wilkie of her triple screen results. For this reason, Defendants believe that expert testimony regarding the standard of care is unnecessary because what was required under the standard of care is not in dispute. Whether Dr. Aslam met that standard, however, is in dispute. In deciding whether Dr. Aslam met the standard of care, the Jury will need to decide whether Dr. Aslam timely told Ms. Wilkie of her test results. This evidence is likely limited to the factual testimony of Ms. Wilkie and Dr. Aslam, as well as the medical records that document Dr. Aslam's discussions with Ms. Wilkie.

6.      With respect to causation, Plaintiff will have to prove that had she been told of her triple screen results she would have elected to have further genetic testing, and ultimately an abortion. See Karl v. Davis, 100 Md. App. 42, 51, 639 A.2d 214, cert. denied, 336 Md. 224, 647 A.2d 444 (1994); Dunham v. Elder, 18 Md. App. 360, 363, 306 A.2d 568 (1973) (noting that plaintiff must establish that the breach caused injury). The evidence regarding causation is likely limited to Ms. Wilkie's testimony that had she been informed of her results, she would have sought further genetic testing and ultimately elected to have an abortion. Obviously, the entire matter is moot if Ms. Wilkie would not have had an abortion even if she knew of the results. Ms. Wilkie can easily be asked this question during the liability phase of trial. Defense counsel will then have an opportunity to cross-examine Ms. Wilkie. The jury will ultimately have to consider and believe all of Ms. Wilkie testimony in order for Dr. Aslam to be held liable. Adding Ms. Wilkie's testimony on this subject (i.e. whether she would have opted for an abortion) is an essential factual element to establishing liability. Her testimony on this subject will likely only lengthen the trial by an hour at most. Otherwise, this essential testimony on liability will have to be tried during the separate damages phase, which makes no sense in light of the reasons for bifurcation – reasons that the Plaintiff now accepts and adopts.

7.      Only if the jury has determined that Dr. Aslam is liable (i.e. that Dr. Aslam breached the standard of care and that his breach caused injury to Ms. Wilkie) does the jury need to reach the issue of damages.  This phase of trial could then be tried separately and after the liability phase of trial has concluded.

8.      Defendants have attached a revised proposed Order for the Motion for Separate Trial, as well as a proposed Order denying Plaintiff's Motion *In Limine* to Exclude From Trial Any Evidence, Testimony or Reference to the Fact That the Plaintiff Would Have Elected to Have an Abortion.

WHEREFORE, Defendants Zahid Aslam, M.D. and Health Care for Women, P.A, respectfully request that this Court GRANT their Motion for Separate Trials, and DENY Plaintiff's Motion *In Limine* to Exclude From Trial Any Evidence, Testimony or Reference to the Fact That the Plaintiff Would Have Elected to Have an Abortion.

Respectfully submitted,

_____/s/_____

E. Philip Franke, III (Bar # 03262)
Ace McBride (Bar # 27342)
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 E. Baltimore Street, Suite 2100
Baltimore, Maryland  21202-1643
Phone: (410) 230-3813
*Attorneys for Zahid Aslam, M.D. and*
*Health Care for Women, P.A.*

4